Desmond, J.
(dissenting). Defendant’s 1942 sentence to life imprisonment for a felony murder was unanimously affirmed by the Appellate Division (265 App. Div. 960) and by this court (291 N. Y. 541) and in 1947 we denied a motion made by him for reargument (296 N. Y. 1004). Thereafter the Supreme Court denied certiorari (333 U. S. 849). During those proceedings this court twice considered and rejected defendant’s argument, now pressed onus for the third time, that defendant’s confession was illegally received in evidence because it was not voluntary but coerced. Now, on the third presentation to this court and upon renewed consideration of the same arguments, we of the dissent are agreed that our former decisions were right. The majority of this court, however, votes for a reversal of the conviction and for a new trial, holding that reversal is necessary or proper because the Federal courts (see United States ex rel. Caminito v. Murphy, 127 F. Supp. 689, revd. 222 F. 2d 698, cert, denied 350 U. S. 896; but see previous denial of certiorari in Caminito’s criminal cause, 348 U. S. 839) in habeas corpus proceedings have ordered a new trial for one Caminito who was tried and convicted in the State courts jointly with this appellant Bonino and one Noia, the latter of whom did not appeal. The Federal Court of Appeals reversing the District Court sustained Caminito’s writ of habeas corpus on the ground that the confession which was the only substantial showing of his guilt was inadmissible as matter of law because obtained by illegal methods “ not disputed ”, and that his trial and conviction were, therefore, an unconstitutional denial of due process *754 of law. Appellant Bonino has taken no such proceedings in the Federal courts. This court now holds, however, that since the circumstances surrounding Bonino’s confession are substantially similar to those surrounding Caminito’s confession, Bonino, too, is entitled to a new trial with the confessions excluded.
As to Caminito, we must in obedience to the supremacy clause (U. S. Const., art. VI, § 2) honor and act upon his writ of habeas corpus issued under the authority of Federal law (U. S. Code, tit. 28, § 2241, subd. [c], par. [3]; Brown v. Allen, 344 U. S. 443). But Bonino has not sought or obtained any such Federal writ and it would not be mere intransigence for us to say that we need not and should not automatically apply Caminito’s writ to Bonino as if it covered Bonino, too. On three different appearances of Bonino’s case before this court, a total of twelve Judges have concurred with six others in the courts below in the conclusion that the record presented a fair question of fact and justified the jury’s findings that Bonino’s confession was a voluntary one. On his first appeal here, we overlooked none of the facts nor any of the settled law as to the evidentiary value of confessions. We gave to Bonino’s arguments careful and repeated attention, as, we assume, the Appellate Division had previously done. When we had agreed with the jury and with the Appellate Division that the trial evidence authorized a finding that Bonino’s confession was not the product of coercion, we had exhausted our powers under our State Constitution (art. VI, § 7) and under the statutes (see Code Grim. Pro., § 528) which limit our jurisdiction in noncapital criminal cases. We do not now lmow what conclusions of fact the Supreme or other Federal courts would make as to Bonino, were his case before them. As to Caminito, the United States Court of Appeals drew factual conclusions widely different from those made by the jury and accepted by us as having reasonable basis in the record. In reversing now as to Bonino, this court is assuming, and acting on the assumption, that the Federal courts would similarly revise our interpretation of the record. We have no right or duty to do so.
The side-by-side independent existence (see Claflin v. Houseman, 93 U. S. 130, 137) of two court systems, State and Federal, with the latter being supreme as to Federal questions, requires that we give ready and unquestioning accommodation to con *755 trolling Federal decisions whether directly applicable or applicable as precedents. It does not require us, in anticipation of such decisions, to overrule our own carefully made decisions. If and when there is a Federal decision that Bonino’s conviction violated Federal law, we will cheerfully obey it. But meanwhile, acting within our own competence, we should let our own solemn conclusions stand. •
The judgment should be reaffirmed.
Judgment reversed, etc.